# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TY GLENN CHAMP, JR., <br><br> Plaintiff, <br><br> vs. <br><br> SCOTT KERNAN, <br><br> Defendant. | 1:17-cv-01327-DAD-GSA-PC <br><br> **FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED AS BARRED BY <u>HECK V. HUMPHREY</u>, 512 U.S. 477 (1994) and <u>EDWARDS v. BALISOK</u>, 520 U.S. 641 (1997), WITHOUT PREJUDICE TO FILING A PETITION FOR WRIT OF HABEAS CORPUS** <br> **(ECF No. 8.)** <br><br> **OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

**I.    BACKGROUND**

Plaintiff, Ty Glenn Champ, Jr., is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On August 16, 2017, Plaintiff commenced this action with a letter to the court dated August 10, 2017. (ECF No. 1.) On September 11, 2017, Plaintiff filed the initial Complaint. (ECF No. 8.)

The initial Complaint is now before the court for screening. 28 U.S.C. 1915A.

1

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id.

## III. PLAINTIFF'S ALLEGATIONS

Plaintiff is presently incarcerated at Avenal State Prison in Avenal, California. The events at issue allegedly occurred when Plaintiff was incarcerated at Pleasant Valley State Prison in Coalinga, California, in the custody of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff names Scott Kernan (Secretary of the CDCR) as the sole defendant.

///

///

Plaintiff's allegations follow in their entirety:

> Secretary Scott Kernan acted with gross negligence, malice intent, and abuse of discretion. Infringing upon Plaintiff's Eighth and Fourteenth Amendment rights, promulgating a color of law CDCR Title 15 regulation §3940 - §3943 excluding thousands of non-violent third-strike inmates from early parole consideration. In an attempt to circumvent a judicial order pursuant to 28 U.S.C. § 2284 to cap CDCR's prison population numbers at 107,00 inmates. After being put on notice by Prop. 57 to afford all non-violent inmates with alternative sentences parole possibility Art. I Sec 32(a)(1)(A) via Art II Sec. 1 of the California Constitution. Plaintiff's cause of action occurred when Secretary Kernan adhered to the awards of credit language in the provision Sec. 32(a)(2), but deviated from Sec. 32(a)(1)(A) by arbitrarily informing the OAL on improper authority of a "court-ordered non-violent second-strike process in effect since 2014." That was never incorporated in the 2016 initiative or petition submitted to the Secretary of State pursuant to Art. II Sec. 8(b). Violating Plaintiff's Due Process and Equal Protection rights secured by Art. I Sec. 7(a) and Sec. 26.

(Complaint, ECF No. 8 at 3-4.)

Plaintiff requests injunctive relief.

## IV.  PLAINTIFF'S CLAIMS -- HABEAS CORPUS

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Benn v. Duarte, No. 11CV01214-AJB JMA, 2012 WL 760459, at *5 (S.D. Cal. Mar. 7, 2012) (quoting Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991). Although a habeas action and a Section 1983 action are not necessarily mutually exclusive, "when prison inmates seek only equitable relief in challenging aspects of [administrative decisions] that, so long as they prevail, *could* potentially affect the duration of their confinement, such relief is available under the federal habeas statute [;][w]hether such relief is also available under § 1983 depends on the application of Heck's favorable termination rule . . . ." Benn, 2012 WL 760459, at *5 (quoting Docken v. Chase, 393 F.3d 1024, 1031 (9th Cir. 2004) (emphasis in original) (explaining the distinction between those types of judicial intervention in the context of a challenge to parole denial), citing Heck v. Humphrey, 512 U.S. 477, 481, 114 S.Ct. 2364, 129 L.Ed.2d 383 ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of

confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983") (citing Preiser, 411 U.S. at 475); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997)).

When a Section 1983 action seeking damages alleges constitutional violations that would necessarily imply the invalidity of the conviction or sentence, the plaintiff must establish that the underlying sentence or conviction has been invalidated on appeal, by a habeas petition, or through some similar proceeding. Benn, 2012 WL 760459, at #5 (citing Heck, 512 U.S. at 483–87 (holding that a Section 1983 claim was not cognizable because the allegations were akin to a malicious prosecution claim, requiring as an element of the claim prior termination of the challenged proceeding in plaintiff's favor)). The Supreme Court later clarified that the Heck favorable termination rule applies regardless of the form of remedy sought, if the Section 1983 action necessarily implies the invalidity of an underlying conviction or a prison disciplinary judgment. Benn, 2012 WL 760459, at 5 (citing see Edwards v. Balisok, 520 U.S. 641, 646–48, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997)). In Edwards, the Court held that a claim for monetary and declaratory relief challenging the validity of procedures used to deprive a prisoner of good-time credits is not cognizable under Section 1983 because the alleged defect—in that case, deceit and bias on the part of the decision maker—would result in an automatic reversal of the disciplinary sanction. Benn, 2012 WL 760459, at #6 (citing Edwards, 520 U.S. at 646–48; see McQuillon v. Schwarzenegger, 369 F.3d 1091, 1097–99 (9th Cir. 2004) (same); see also Wilkinson v. Dotson, 544 U.S. 74, 81–82, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005) (explaining that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration"); but see Ramirez v. Galaza, 334 F.3d 850, 858 (9th Cir. 2003) (holding that "the favorable termination rule does not apply to § 1983 suits challenging a disciplinary hearing or administrative sanction that does not affect the overall length of the prisoner's confinement")). As summarized in Ramirez:

The Supreme Court first addressed the intersection between § 1983 and writs of habeas corpus in <u>Preiser v. Rodriguez</u>, holding that "when a state prisoner is challenging the very fact or duration of his physical confinement," and where "the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment," the prisoner's "sole federal remedy is a writ of habeas corpus." 411 U.S. at 500, 93 S.Ct. 1827, 36 L.Ed.2d 439. Conversely, <u>Preiser</u> concluded that "a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." <u>Id.</u> at 499, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439.

The Court revisited <u>Preiser</u> in <u>Heck v. Humphrey</u>, involving a prisoner's § 1983 action alleging that state prosecutors and investigators had engaged in an unlawful investigation and knowingly destroyed exculpatory evidence. 512 U.S. at 478–79, 114 S.Ct. 2364, 129 L.Ed.2d 383. The prisoner's complaint sought compensatory and punitive damages, but not injunctive relief, or release from custody. <u>Id.</u> at 479, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383. The Supreme Court explained that a writ of habeas corpus "is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . even though such a claim may come within the literal terms of § 1983." <u>Id.</u> at 481, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (discussing <u>Preiser</u>, 411 U.S. at 488–90, 93 S.Ct. 1827, 36 L.Ed.2d 439). The Court then announced a new "favorable termination rule" regarding the validity of § 1983 claims by prisoners:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by action whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus . . . .

<u>Id.</u> at 486–87, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439. Absent such a showing, "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 . . . ." Id. at 489, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439.

In <u>Edwards v. Balisok</u>, the Supreme Court extended the favorable termination rule to prison disciplinary actions that implicated the prisoner's term of confinement. In <u>Edwards</u>, a prisoner brought suit under § 1983 challenging the procedures used in a disciplinary hearing. Although the prisoner's conviction resulted in the loss of good-time credits, his suit sought only damages, and an injunction against future violations. 520 U.S. at 643–44, 117 S.Ct. 1584, 137 L.Ed.2d 906. The Court held that the prisoner could not circumvent the limitation on § 1983 suits imposed by <u>Heck</u>, because the alleged due process defects, if established, "necessarily imply the invalidity of the deprivation of his good-time credits." <u>Id.</u> at 646, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906. As that result would decrease the length of the prisoner's confinement, the Court concluded that the prisoner's claims were not cognizable under § 1983 until his disciplinary conviction was invalidated.

<u>Benn</u>, 2012 WL 760459, at #6-7 (quoting <u>Ramirez</u>, 334 F.3d at 855–56).

Nevertheless, none of those three cases "holds that prisoners challenging the conditions of their confinement are automatically barred from bringing suit under § 1983 without first obtaining a writ of habeas corpus." Benn, 2012 WL 760459, at #7 (quoting Ramirez, 334 F.3d at 856). "Rather, the applicability of the favorable termination rule turns solely on whether a successful § 1983 action would necessarily render invalid a conviction, sentence, or administrative sanction that affected the length of the prisoner's confinement." Id.

If a § 1983 complaint states claims which sound in habeas, the court should not convert the complaint into a habeas petition. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995). Rather, such claims must be dismissed without prejudice and the complaint should proceed on any remaining cognizable § 1983 claims. See Heck, 512 U.S. at 487; Trimble, 49 F.3d at 585.

Here, Plaintiff challenges a California regulation promulgated by Defendant Kernan that affects the award of credits to non-violent third-strike inmates, excluding those inmates from early parole consideration which Plaintiff claims violates his rights to due process and equal protection. Plaintiff's Complaint challenges the fact or duration of his confinement, and success in this action would necessarily demonstrate the invalidity of his confinement or its duration. The Complaint does not contain any allegations showing that Plaintiff's sentence or conviction has been reversed, expunged, declared invalid, or called into question by a writ of habeas corpus. Therefore, Plaintiff is barred by Heck and Edwards from pursuing his claims in this case under § 1983.

## V. CONCLUSION AND RECOMMENDATIONS

The court has found that Plaintiff's Complaint fails to state a § 1983 claim upon which relief can be granted, and that Plaintiff is barred by Heck and Edwards from pursuing his claims in this case under § 1983. Therefore, Plaintiff's Complaint should be dismissed, without prejudice to filing a petition for writ of habeas corpus.

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's Complaint be DISMISSED for failure to state a § 1983 claim, without prejudice to filing a petition for writ of habeas corpus; and

2. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 25, 2018**          **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE